[Crim. No. 15036. Fourth Dist., Div. One. Aug. 25, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DALE MATTHEW WAITE, Defendant and Appellant.

586

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Lynda A. Romero, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, A. Wells Petersen, J. Richard Haden and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Dale Matthew Waite appeals a judgment of conviction after entering bargained pleas of guilty to multiple separate forcible sex felonies requiring full consecutive sentences pursuant to Penal Code section 667.6, subdivision (d),[1] and admitting he personally used a knife during one, and inflicted great bodily injury during another. Waite also pleaded guilty to one count of assault with the intent to commit rape (§ 220, a crime not subject to sentencing under § 667.6), a full term for which was imposed pursuant to the general determinate sentencing statute, section 1170. Relying upon the mandate in section 667.6, subdivision (d), the trial court imposed each forcible sex crime sentence consecutive to the others *and* consecutive to the full term given for the assault.

 Waite claims the sentencing court reversibly erred by imposing the *full consecutive* four-year term for the assault with intent to commit rape instead of the one-third midterm designated by section 1170.1, subdivision (a) for "subordinate" terms, and in failing to consider referring him to the California Youth Authority (CYA) even though he was 19 years of age and eligible. For the following reasons, we conclude once a prison term is imposed for a forcible sex crime under the *specific* consecutive sentencing

---

[1] All statutory references are to the Penal Code unless otherwise specified.

provisions of section 667.6, subdivisions (c) and (d), it may not serve also as a "principal" term to which sentences imposed for other crimes under the *general* determinate sentencing scheme (§§ 1170 and 1170.1) may be deemed "subordinate" pursuant to section 1170.1. We also find the trial court must be presumed to have properly considered and rejected referring him to CYA.

I

Waite concedes the sentencing court was required to impose full consecutive terms for each forcible sex crime conviction because each involved a separate victim on a separate occasion (§ 667.6, subd. (d)). He contends, however, because his assault conviction must be sentenced under section 1170.1, and carries a lesser term than any of the forcible sex crime convictions, it must be deemed a "subordinate" term as defined in that section and imposed at *one-third* the middle term rather than as a *full* term. The sentencing court specifically stated it was relying on the sentencing scheme outlined in dictum in *People* v. *Ottombrino* (1982) 127 Cal.App.3d 574, 588, footnote 4 [179 Cal.Rptr. 676].[2] Under this method of computation, all terms imposed under section 667.6, subdivisions (c) and (d) are segregated and totaled, and all terms imposed under section 1170.1 are separately and independently totaled and the sums imposed consecutively to each other. Where several convictions are to be imposed consecutively within the nonsection 667.6 category, the "principal" term is selected by comparing length of terms imposed only for those convictions within that category. This will always result in one full sentence for a "principal" term being selected from the nonsection 667.6 category, which then becomes part of the aggregate term under section 1170.1 to which each full term from the section 667.6 category is consecutively served. Where, as here, assault is the only conviction not punishable under section 667.6, subdivision (d), and constitutes the entire term within the nonsection 667.6 category, the court had no discretion to treat it as a "subordinate" offense as defined in section 1170.1.

Our analysis of sections 667.6 and 1170.1 establishes the terms imposed under section 667.6, subdivisions (c) and (d), are independent and separate from those terms computed under section 1170 or 1170.1. Thus, the trial court here correctly sentenced Waite to the sum of the respective totals of the separate computations.

The essence of Waite's claim is that sections 1170.1 and 667.6 when read together are replete with ambiguities which must be construed in a manner

---

[2]Disapproved on other grounds in *People* v. *Belmontes* (1983) 34 Cal.3d 335, 345 [193 Cal.Rptr. 892, 667 P.2d 686].

favorable to him, not unfavorably as was done in *Ottombrino*. (See *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) ■ When a penal provision is part of a general legislative scheme, it "should be construed with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts . . . ." (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) ■ Here, since each statutory provision was either added or amended by the identical legislation in a single document (Stats. 1979, ch. 944, p. 3252), we presume the Legislature intended both sections to be fully effective. Guided by the foregoing, we conclude the language of the provisions when read in harmony is not ambiguous.

■ As background, we summarize the relevant statutory scheme. Section 669 is a general authorizing and procedural statute regarding sentencing for multiple convictions. Section 1170 sets forth the legislative findings and the basic provisions of the determinate sentencing law regarding imposition of terms for specific offenses. Section 1170.1 is the *general* computational statute providing a method or scheme for calculating respective lengths of consecutive terms for multiple convictions. (See *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 751-752, 754 [165 Cal.Rptr. 764].) On the other hand, subdivisions (c) and (d) of section 667.6 are *specific* computational statutory provisions applying only to the imposition of full, separate and consecutive terms for certain multiple forcible sex crimes. Where a defendant is convicted of certain multiple sex offenses against separate victims, or against the same victim on separate occasions, a full, separate and consecutive term for each must be imposed pursuant to subdivision (d). Where the defendant is convicted of multiple violent sex offenses against the same victim on the same occasion, the court has discretion to impose a full, separate and consecutive term for each under subdivision (c), in lieu of using the formula contained in section 1170.1.

■ Waite claims there is confusion regarding the joint application of section 667.6, subdivisions (c) and (d),[3] and section 1170.1, subdivision

---

[3]Section 667.6, subdivisions (c) and (d) state: "(c) In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 216, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. If such term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. Such term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison.

"(d) A full, separate, and consecutive term shall be served for each violation of subdivi-

(a)[4] suggesting there is an apparent conflict, or at least ambiguous overlapping language, between the language of the two statutes. We address each claim.

1. Waite asserts section 1170.1 subdivision (a)'s reference to sections 12022.3 and 12022.8, enhancements which can be imposed only upon conviction of one of the substantive offenses which, under proper circumstances, may be punished under section 667.6, implies sections 667.6 and 1170.1, subdivision (a) are not necessarily separate and distinct because the former is included within the latter. However, in light of subdivision (c) of section 667.6, it is apparent the references to those enhancements are necessary because section 1170.1 is the governing statute if the trial court exercises its discretion not to sentence one or more multiple forcible sex crimes under section 667.6, subdivision (c), or only a single violent sex offense has been committed.[5]

---

sion (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions.

"Such term shall be served consecutively to any other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. Such term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison."

[4]Section 1170.1, subdivision (a) provides: "Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.3, 12022.5, 12022.6, 12022.7 or 12022.8. The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7."

[5]Similarly, pertaining to the imposition of enhancements to the same sex crimes alternatively punishable under subdivision (c) of section 667.6, the following language in section 1170.1, subdivision (i) included: "For any violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy or oral copulation by force, violence, duress, menace or threat of great bodily harm as provided in Section 286 or 288a, the number of enhancements which may be imposed shall not be

2. Waite further contends the apparent conflict or confusion emanating from a joint reading of sections 667.6 and 1170.1, subdivision (a) is compounded by the latter's definitions of "aggregate term" and "principal term." An aggregate term is defined as "the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1." ■ In dictum in *People* v. *Collins* (1983) 143 Cal.App.3d 742, 746 [192 Cal.Rptr. 101], this court stated a section 667.6 "offense" constitutes an "additional term," as defined in section 1170.1. It does not. In light of parallel references to sections 667.5[6] and 12022.1[7] within the definition of additional term, the reference to section 667.6[8] applies only to its subdivision (a) and (b) enhancements. These sec-

---

limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement."

[6]Section 667.5 provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c); provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[7]Section 12022.1 provides: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows:

"(a) If the person is convicted of a felony for the earlier offense, is sentenced to state prison for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be consecutive to the earlier sentence. In addition the sentence for the later offense shall be enhanced by an additional term of two years.

"(b) If the person is convicted of a felony for the earlier offense, is granted probation for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be enhanced by an additional term of two years.

"(c) If the earlier conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the later offense upon reconviction of the earlier offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."

[8]Section 667.6 provides in pertinent part: "(a) Any person who is found guilty of violating subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) or Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm who has been convicted previously of any such offense shall receive a five-year enhancement for each such prior conviction provided that no enhancement shall be imposed under this subdivision for any conviction occurring prior to a period of 10 years in which the person remained free of both

tion 667.6, subdivisions (a) and (b) enhancements are of the same special character as those in section 667.5 and section 12022.1. Each permits the court to impose additional years of imprisonment to a sentence because of felony convictions suffered by a defendant either before (§§ 667.5, 667.6) or after (§ 12022.1) committing those crimes for which sentence is currently being imposed. This differentiates this class of enhancements from those enhancements which increase prison terms based upon a defendant's conduct during the specific crimes for which sentence is being imposed. Our construction, limiting the meaning of "additional term" to these specific enhancements and not including base terms, is consistent with the reference in section 1170.1, subdivision (f), to the enhancements set forth in the subdivision (a) definitions of principal and additional terms, including sections *667.5, 667.6,* 12022, *12022.1,* 12022.3, 12022.5, 12022.6, 12022.7 and 12022.8. The Legislature's use of the phrase "additional terms" in conjunction with enhancements and not base terms is again reflected within section 1170.1, subdivision (d).[9] Finally, California Rules of Court, rule 405(c) defines an "enhancement" as "an additional term of imprisonment added to the base term." An enhancement is not a separate crime or offense; thus, the reference to section 667.6 in the definition of aggregate and additional terms in section 1170.1 is necessarily limited to subdivisions (a) and (b).

3. Waite meritlessly claims the apparent ambiguity is enhanced by defining a "principal term" in section 1170.1, subdivision (a), as "the greatest term of imprisonment imposed by the court *for any of the crimes,*" apparently including (or at least not excluding) crimes sentenced under section 667.6. He asserts this language conflicts with the direction in section 667.6, subdivisions (c) and (d) that "[s]uch term shall not be included in any determination pursuant to section 1170.1." First, we emphasize the definition of aggregate term does not include as an "additional term" an offense for which sentence is imposed under section 667.6, subdivision (c) or subdivision (d). Second, the phrase "any of the crimes" refers only to those crimes

---

prison custody and the commission of an offense which results in a felony conviction.

"(b) *Any person convicted of an offense specified in subdivision (a)* who has served two or more prior prison terms as defined in Section 667.5 for any offense specified in subdivision (a), shall receive a 10-year enhancement for each such prior term provided that no additional enhancement shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction."

[9]Section 1170.1, subdivision (d) provides: "When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7, unless the additional punishment therefore is stricken pursuant to subdivision (g). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170. In considering the imposition of such additional term, the court shall apply the sentencing rules of the Judicial Council."

governed by the computational provisions of section 1170.1 and its definition of an aggregate term. Offenses punished under section 667.6, subdivisions (c) or (d) do not fall within the definition of aggregate term of section 1170.1, subdivision (a), because subdivisions (c) and (d) of section 667.6 expressly exclude their terms from any determination pursuant to section 1170.1. Because these sentencing schemes provide for separate and independent computations, the phrase "*any* determination" must be construed to include any factor within the formula used to compute the aggregate term, including the principal term, the subordinate term, and the additional term. ■ As a statutory rule of construction, it is settled "[a] specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates." (*People v. Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328]; *Rose v. State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505].) Consequently, it was unnecessary for the Legislature to include exclusionary language in the general statute, section 1170.1, subdivision (a), because it specifically and expressly excluded crimes sentenced under section 667.6 by express language within that specific legislative enactment.

■ In summary, sections 1170.1 and 667.6 are merely computational sentencing statutes, each designed for use when imposing consecutive sentences on those who commit forcible sex crimes as defined in sections 261, 264.1, 286, 288, 288a and 289. Which sentencing statute applies depends upon whether more than one forcible sex crime was committed and the circumstances surrounding those crimes. If only one of the multiple crimes is a forcible sex offense, it must be sentenced under section 1170.1 as a "principal" or "subordinate" term with the other crimes. If more than one of the listed forcible sex crimes are sentenced together and they involve the same victim on the same occasion, the court has its option to sentence under either section 1170.1 or section 667.6, subdivision (c). Where the forcible sex crimes involve separate victims or the same victim on separate occasions, the court must sentence these crimes consecutively pursuant to section 667.6, subdivision (d).

■ Therefore, the Legislature has enacted separate computational statutes for determining consecutive sentences. Section 1170.1, subdivision (a) is a general computational provision, and subdivisions (c) and (d) of section 667.6 each contains an exception to the general rule directing the trial court to calculate consecutive terms for forcible sex offenses independently and separately from the section 1170.1 general determination of an aggregate term, including its subparts. Sentences imposed under section 667.6, sub-

divisions (c) and (d) are independent and separate from, and may not be used in any sentence computation pursuant to, section 1170.1. Because computations under section 1170 or 1170.1 and those under subdivisions (c) and (d) of section 667.6 are to be made separately, a defendant's total sentence is obtained by adding together the sum of each computation. Accordingly, Waite was properly sentenced.[10]

## II

At sentencing, neither Waite, the probation officer, nor the prosecution discussed the availability of an alternative CYA commitment. In these circumstances, the trial court had a duty to consider such referral on its own motion (*People* v. *Moran* (1970) 1 Cal.3d 755, 762 [83 Cal.Rptr. 411, 463 P.2d 763]) and, on this silent record, we must presume the sentencing court performed its official duty. (*Ibid.*; Evid. Code, § 664.) Further, although the probation report listed numerous factors potentially justifying a CYA commitment, the trial court need not state reasons for rejecting a Youth Authority commitment of a defendant who is over 18 at the time crimes are committed (*People* v. *Bracamonte* (1982) 137 Cal.App.3d 936, 940 [187 Cal.Rptr. 525]; Advisory Com. com. to Cal. Rules of Court, rule 443) and we can imply a finding of unsuitability of such a commitment from the fact a defendant is sentenced to state prison. (*People* v. *Lujan* (1981) 125 Cal.App.3d 166, 170 [178 Cal.Rptr. 122].) The number of independent vicious sexual attacks supports a decision not to refer Waite.

---

[10]Waite unpersuasively points to the sentencing results in *People* v. *Stought* (1981) 115 Cal.App.3d 740 [171 Cal.Rptr. 501], and *People* v. *Stiltner* (1982) 132 Cal.App.3d 216 [182 Cal.Rptr. 790], as judicially recognizing the invalidity of this analysis. *Stiltner* does not discuss our problem, nor is it factually related, because that defendant was sentenced only under section 1170.1. As to *Stought,* Waite mischaracterizes the facts within the case by stating Stought received "two full consecutive terms for two forcible sex offenses and an eight-month consecutive term (i.e., one-third the middle base term) for *false imprisonment.*" He then claims this sentence is not consistent with our holding because, if false imprisonment is indeed in a separate category from the forcible sex offenses, it would be served in full. However, *Stought* did not consider the sentencing issue and, more importantly, the two sex offenses were not (as inferred) each imposed fully consecutive under section 667.6. Rather, one was imposed as a principal term under section 1170.1 to which the false imprisonment was made a consecutive subordinate term. The other forcible sex crime was imposed consecutively to the total section 1170.1 sentence as a full consecutive term under section 667.6, subdivision (c). Thus *Stought,* although not discussing our issue, approved a sentence fully consistent with our analysis.

Moreover, our analysis is fully consistent with the recent decision of the California Supreme Court in *People* v. *Belmontes* 34 Cal.3d 335, discussing the interrelationship of the specific sentencing scheme within subdivision (c) of section 667.6 and the general sentencing procedures of section 1170.1.

Judgment affirmed.

Brown (Gerald), P. J., and Butler, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 23, 1983.