James H. HUDSON, Petitioner,

v.

E.R. MYERS, Superintendent, CTF Soledad, Respondent.

No. C–89–0701 SAW.

United States District Court, N.D. California.

Feb. 21, 1991.

James Hudson, Soledad, Cal., in pro. per.

John K. Van de Kamp, Atty. Gen., of the State of Cal., David H. Rose, Deputy, San Francisco, Cal., for respondent.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Petitioner James Hudson, a state prisoner, pled guilty in Marin County Superior Court to two counts of rape, one count of oral copulation, one count of attempted murder in the second degree, and one count of kidnapping. He was sentenced to state prison for a term of twenty-five years.[1] Petitioner seeks habeas corpus relief from this Court, pursuant to 28 U.S.C. § 2254, on the grounds that he was improperly sentenced under California Penal Code Section 667.6(d) to (1) two full, consecutive terms for rape, and (2) a full, consecutive term for attempted murder.

### I. Propriety of Sentencing Under Cal.Penal Code § 667.6(d)

Petitioner contends that he was improperly sentenced under California Penal

1. Petitioner received two separate terms of eight years for the counts of rape, a term of two years for the count of oral copulation, and a term of seven years for the count of attempted murder in the second degree. Each of those terms were consecutive. In addition, petitioner received a term of seven years for the count of kidnapping that was stayed pending completion of the sentences imposed on the other counts.

2. California Penal Code Section 667.6(d) provides in relevant part:

Code Section 667.6(d) to two full, consecutive terms for rape. Section 667.6(d) mandates that a sentencing court impose full, consecutive sentences when a defendant has sexually assaulted a victim on "separate occasions."[2] The state court found that petitioner had raped the victim on two occasions. Petitioner asserts that the two counts of rapes occurred on one occasion. If petitioner's assertion is correct, the state court had the discretion to sentence petitioner under Section 667.6(c) or California Penal Code Section 1170.1, but not under Section 667.6(d). Under Section 667.6(c) or Section 1170.1, the judge would have had a variety of sentencing options. When a court fails to sentence within its informed discretion, a defendant's fourteenth amendment right to due process is violated. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972). Therefore, if the state court erred in its in finding that Section 667.6(d) was applicable, then petitioner was deprived of his fourteenth amendment right to due process.

The state court based its finding that the rapes occurred on two occasions on the following facts: Petitioner lured the victim into his car. He drove her to Nicasio, where he removed her from the car and raped her. Then petitioner placed the victim back in the car. She asked to be released; petitioner refused and informed her that they were going to the Marin Headlands to pick up his cocaine. He drove to the Headlands, where he removed the victim from the car. Petitioner led the victim around the area and then raped her again. Based on the differing geography and timing of the attacks, as well as the fact that there had been "a break in the action," the state court found that the rapes occurred

A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions.

on two occasions. The record supports the inference that by a "break in the action" the court was referring to both petitioner's announcement to the victim that he was taking her to recover cocaine at the Headlands, and to the drive to that site. The victim testified to these facts at petitioner's preliminary hearing. The probation report also supported these facts.[3]

The California Supreme Court addressed the meaning of "separate occasions" under Section 667.6(d) in *People v. Craft*, 41 Cal.3d 554, 224 Cal.Rptr. 626, 715 P.2d 585 (1986).[4] The court explained:

> subdivision [667.6](d) only applies to offenses against the same victim between which the perpetrator temporarily lost or abandoned the opportunity to continue his attack: such opportunity is lost when the victim becomes free of any ongoing criminal activity; it is abandoned when the offender keeps the victim within his control but engages in some significant activity unrelated to continuing his attack.

*Craft*, 41 Cal.3d at 561, 224 Cal.Rptr. at 629, 715 P.2d at 588.

Petitioner denies that he abandoned his opportunity to continue his attack on the victim. He contends that the trip to recover the cocaine was a pretext for moving the victim to a more secluded area where he could continue his assault without detection. Petitioner asserts that since he did not search for the cocaine, he did not undertake a significant activity unrelated to his sexual assault on the victim. He maintains that his version of these facts is supported by the record.

Careful review of the transcript of the victim's testimony at the preliminary hearing reveals that the petitioner did make the statement to the victim that they were going to the Headlands to recover cocaine; that he did drive the victim to that location;

and that he did lead the victim around the grounds before attacking her. The record does not support respondent's allegation that petitioner actually searched for the drugs upon arriving at the Headlands.

Under *Craft*, whether the two counts of rape occurred on separate occasions is a fact-driven determination. The state court found that the testimony established two occurrences of rape. In reviewing a petition for writ of habeas corpus, a federal court must determine whether the state court's findings of fact are fairly supported by the record as a whole. This Court must make an independent review of the record to make this determination. If the findings of the state court are fairly supported by the record, they are presumed correct. 28 U.S.C. § 2254(d)(8); *see also Townsend v. Sain*, 372 U.S. 293, 312–313, 316, 83 S.Ct. 745, 756–57, 758–59, 9 L.Ed.2d 770 (1962); *Richmond v. Ricketts*, 774 F.2d 957, 961–962 (9th Cir.1985). The Ninth Circuit has held that when a "question of fact has been adjudicated in the state court proceedings, the district court may rely on the state court's finding providing it first examines the state court record and satisfies itself that there is no 'vital' flaw in the state court's adjudication." *Linden v. Dickson*, 287 F.2d 55, 58 (9th Cir.1961).

The crucial determination is whether the state court's finding of two separate occasions is vitally flawed by a lack of sufficient evidence. This Court finds the fact that petitioner announced his intent to locate his cocaine and drove to the proclaimed site sufficient to establish that he undertook a significant activity unrelated to the sexual attack. Therefore, the state court's finding of two separate occasions is supported by the record. The state court therefore committed no error in sentencing petitioner for the two counts of rape under Section 667.6(d).

---

**3.** Petitioner challenges the admissability of the probation report on the grounds that it is hearsay. This challenge need not be addressed because the facts presented in the probation report were also provided in the victim's testimony at the preliminary hearing. Therefore, the relevant facts were properly before the state court.

**4.** Although the *Craft* case was decided after defendant was sentenced, the California Supreme Court gave its holding full retroactive effect. *Craft*, 41 Cal.3d at 562 n. 5, 224 Cal.Rptr. 626, 715 P.2d 585. Since *Craft* stated the applicable standard, this Court is bound to apply the *Craft* holding to the petition for habeas relief.

## II. Full, Consecutive Sentence for Attempted Murder

Petitioner contends that the sentencing judge also erred in imposing a full consecutive sentence for attempted murder. The state court judge initially indicated his wish to sentence petitioner under California Penal Code section 1170.1, using the second count of rape as the principal term and the attempted murder as the subordinate term.[5] This type of sentencing would have resulted in a term of two and half years for the attempted murder, not the seven-year term that was imposed. However, the state court determined that it could not sentence the attempted murder count under California Penal Code Section 1170.1 because the term selected to serve as the principal term had been sentenced under the mandatory scheme of California Penal Code Section 667.6(d). The sentencing court determined that Section 667.6(d) prohibited it from sentencing petitioner for attempted murder under the more lenient scheme of California Penal Code Section 1170.1.

Petitioner draws this Court's attention to *People v. Belmontes*, 34 Cal.3d 335, 193 Cal.Rptr. 882, 667 P.2d 686 (1983). In that case, the California Supreme Court discussed the relationship between California Penal Code Sections 667.6 and 1170.1. The court held that in sentencing sex crimes under California Penal Code Section 667.6(c), courts have the discretion to designate the sex crime with the longest term as the principal term and treat all other terms as subordinate to it, in accordance with Section 1170.1(a). *Id.*, 193 Cal.Rptr. at 888, 667 P.2d at 692.

Petitioner contends that under *Belmontes*, the sentencing judge had the discretion to sentence him for attempted murder under California Penal Code Section 1170.1. Yet, *Belmontes* addressed sentences imposed under California Penal Code Section 667.6(c). Petitioner was sentenced under California Penal Code Section 667.6(d). Therefore, *Belmontes* does not control this case. *See People v. Bishop*, 158 Cal.App.3d 373, 383, 204 Cal.Rptr. 502, 508 (1984) (finding *Belmontes*'s applicability doubtful in cases sentenced under California Penal Code Section 667.6(d)).

The California Court of Appeal's subsequent decision in *People v. Waite*, 146 Cal. App.3d 585, 194 Cal.Rptr. 245 (1983), specifically addressed sentences under California Penal Code Section 667.6(d). The court in *Waite* held that:

> [O]nce a prison term is imposed for a forcible sex crime under the *specific* consecutive sentencing provisions of section 667.6, subdivision ... (d), it may not serve also as a "principal" term to which sentences imposed for other crimes under the *general* determinate sentencing scheme (§§ 1170 and 1170.1) may be deemed "subordinate" pursuant to section 1170.1.

*Id.* at 589–590, 194 Cal.Rptr. at 247 (emphasis in original). The court specifically noted that its analysis was fully consistent with *Belmontes*. *Id.* at 595 n. 10, 194 Cal.Rptr. at 251 n. 10.

Under California case law, the sentencing judge was correct in finding that he lacked the discretion to sentence petitioner for the attempted murder conviction under California Penal Code Section 1170.1.

Accordingly,

IT IS HEREBY ORDERED that the petition for habeas corpus is DENIED.

---

**5.** California Penal Code Section 1170.1(a) provides:

> [W]hen any person is convicted of two or more felonies ... and a consecutive term of imprisonment is imposed ... the aggregate term of imprisonment for all these convictions shall be the sum of the principle term [and] the subordinate term.... The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes.... The subordinate term for each consecutive offense ... shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed and shall exclude any enhancements.