93 Cal.Rptr.2d 240 (2000)
78 Cal.App.4th 1035
The PEOPLE, Plaintiff and Respondent,
v.
Roman BARBA, Defendant and Appellant.
No. G023877.
Court of Appeal, Fourth District, Division Three.
February 29, 2000.
Review Granted June 2, 2000.
*242 Mark Alan Hart, Northridge, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Gary W. Schons, Senior Assistant Attorney General, Raquel M. Gonzalez, and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

*241 OPINION
RYLAARSDAM, J.
Defendant Roman Barba, and accomplices not parties to this appeal, robbed the patrons of five restaurants at gunpoint. During the course of one of the robberies, defendant's accomplices sexually assaulted a restaurant employee. Defendant was convicted of several felonies, including two counts of forcible oral copulation (Pen. Code, § 288a, subd. (c)(2); all further statutory references are to the Penal Code) and one count of forcible rape (§ 261, subd. (a)(2)), under the natural and probable consequences doctrine of aider and abettor liability. He was sentenced to three concurrent 25-year-to-life terms pursuant to the One Strike law (section 667.61) for the three sex offenses. He was also sentenced to three consecutive 10year terms for personal-use gun enhancements for those three offenses.
On appeal, defendant argues the trial court committed several sentencing errors. He contends (1) the One Strike law does not apply to him because he did not actively participate in the sex offenses, (2) only one life term is authorized under the One Strike law and the trial court erred in sentencing him to three concurrent life terms under this law, and, finally, (3) the court erred in imposing consecutive terms for the firearm enhancements attached to the concurrent life terms. We disagree with his first contention, and agree with the second but conclude the court should have sentenced defendant to one life term and two additional consecutive terms under other statutes. Because of the latter ruling, the third issue is moot.
The court properly sentenced defendant under the One Strike Law (§ 667.61) as an *243 aider and abettor, but it erred by imposing three 25-year-to-life sentences under the statute. Section 667.61, subdivision (a) permits the imposition of only one 25year-to-life sentence because the crimes took place on a "single occasion"; therefore defendant should have been sentenced to a single life term. However, he must be sentenced for the two remaining sex offenses pursuant to the applicable sentencing statutes.
Once the trial court determines the proper term for each of the remaining sex offenses, the court must order those terms to run consecutively because it previously determined that the sexual assaults constituted "separate occasions" under section 667.6, subdivision (d). Those terms must run consecutively pursuant to section 667.6, subdivision (d); therefore, the third issue presented by the appeal is moot; the three personal gun use enhancements must also run consecutively.

FACTS
The appeal pertains to the sexual assault committed during one of the robberies; we therefore recite only the facts pertaining to those events. As Steven Reed, an assistant manager at a National Sports Bar and Grill, two bartenders, and a waitress (Roe) were leaving the bar, defendant and his accomplices accosted them and forced them back into the building at gunpoint. They tied up the bar employees in the kitchen and forced Reed into the bar's office. After Reed removed money from the safe, they returned him to the kitchen.
When everyone was back in the kitchen, co-defendant Santa Maria forcibly orally copulated Roe's rectal area. Co-defendant Valdivia hit her, and when she pulled away he hit her again. Santa Maria and Valdivia then turned her on her back. Santa Maria orally copulated her vagina and thereafter Valdivia raped her. Defendant was present during these sexual assaults. A roll of tape with defendant's fingerprints was found in the kitchen, and he admitted tying her up after the rape.
The jury found defendant engaged in tying or binding the victim, kidnapping, committing the sexual assault during the commission of a burglary, and personally using a firearm during the commission of the sexual assaults. The court sentenced defendant under section 667.61. During sentencing, it compared the language of section 667.61, subdivision (g) to that found in section 667.6, subdivision (d) and stated, "The term `single occasion' is not defined in 667.61, [subdivision] (g). However, section 667.6 ... gives guidance to the court. It states that the determining factor to consider in deciding whether crimes against a single victim were committed on separate occasions is whether the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes nor whether or not the defendant lost or abandoned his opportunity to attack is by itself [a] determinative issue of a single or separate occasion."
The court concluded, "the defendant not only had the reasonable opportunity to reflect on his own personal actions, but also to reflect upon the various sexual acts committed by his partners in crime. [K] Since there are three separate occasions regarding the sexual assaults, the term of 25 years to life may be imposed," once for each of the sex crime counts. The court acknowledged that subdivision (g) only permitted one 25-year-to-life sentence and therefore ordered that the three terms run concurrently. The court also imposed three consecutive 10-year terms for the personal-use gun enhancements under section 1170.1, subdivision (h).

DISCUSSION

Section 667.61 applies to all aiders and abettors
Defendant contends the trial court erred by imposing aggravated sentences pursuant to section 667.61 because he was *244 not an active participant in the sexual assaults. He argues section 667.61 does not apply since his "accomplice liability is based on the natural and probable consequences doctrine." The Attorney General argues section 667.61 unambiguously applies to anyone convicted of rape or oral copulation under the specified aggravating circumstances, including aiders and abettors regardless of their level of participation. We agree.
Section 667.61, subdivision (a) states, "A person who is convicted of an offense specified in subdivision (c) [forcible rape, forcible oral copulation] ... under two or more of the circumstances specified in subdivision (e) [kidnapping the victim, commission during a burglary, personal use of a dangerous weapon] shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years ...." (§ 667.61, subd. (a).) Section 667.61 does not expressly limit its application to perpetrators and aiders and abettors who actively facilitate the crime. The plain language of the statute supports the Attorney General's position.
Nevertheless, assuming this failure to specify the degree of participation required to apply the aggravated sentence creates an ambiguity, we also consider legislative intent. (See, e.g., People v. Walker (1976) 18 Cal.3d 232, 242-243, 133 Cal. Rptr. 520, 555 P.2d 306; People v. Strickland (1974) 11 Cal.3d 946, 961, 114 Cal. Rptr. 632, 523 P.2d 672.) In doing so, we again examine the language of the applicable statutes, since the words the Legislature chose are the best indicators of its intent. (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826, 25 Cal. Rptr.2d 148, 863 P.2d 218; People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal.Rptr.2d 753, 857 P.2d 1163.) We are mindful that "`[t]he defendant is entitled to the benefit of every reasonable doubt, whether it arises out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.'" (People v. Davis (1981) 29 Cal.3d 814, 828, 176 Cal.Rptr. 521, 633 P.2d 186; but see § 4; People v. Mejia (1999) 72 Cal.App.4th 1269, 1274, fn. 4, 85 Cal.Rptr.2d 690 (dis. opn. of Crosby, J.).)
Pursuant to section 31, criminal liability attaches to those who perpetrate a crime and extends to anyone who, with knowledge of the perpetrator's unlawful purpose and with the intent to facilitate that purpose, promotes, aids, or encourages the commission of the crime. (People v. Beeman (1984) 35 Cal.3d 547, 554-555, 199 Cal.Rptr. 60, 674 P.2d 1318.) The charged crime must be a "`natural and probable consequence[ ]' of some other criminal act that the defendant knowingly and intentionally aided and abetted. [Citation.]" (People v. Williams (1997) 16 Cal.4th 635, 674, 66 Cal.Rptr.2d 573, 941 P.2d 752.) However, the defendant need not personally participate in the commission of a crime to be held liable as an aider and abettor. (People v. Montoya (1994) 7 Cal.4th 1027, 1039, 31 Cal.Rptr.2d 128, 874 P.2d 903.) Section 31 fixes responsibility on an aider and abettor for a crime personally committed by an accomplice. (People v. Walker (1976) 18 Cal.3d 232, 241-242, 133 Cal.Rptr. 520, 555 P.2d 306.)
When enacting new statutes, the Legislature is deemed to know of existing laws. (Munoz v. City of Palmdale (1999) 75 Cal.App.4th 367, 372, 89 Cal.Rptr.2d 229.) Had the Legislature intended for section 667.61 to apply only to active participants it certainly could have written such language into the statute. It explicitly distinguished between a perpetrator and an aider and abettor in section 667.61, subdivision (e)(3) and (4). These respectively require that the "defendant personally inflicte[d] great bodily injury on the victim ..." and "personally used a dangerous or deadly weapon or firearm in the commission of the present offense ...." (§ 667.61, subd. (e)(3), (4), italics added.) By including the term "personally" in subdivision (e)(3) and (4) the Legislature described *245 conduct which a defendant must himself engage in before that portion of the sentencing scheme applies. (See, e.g., People v. Reed (1982) 135 Cal.App.3d 149, 152-153, 185 Cal.Rptr. 169; People v. Manners (1986) 180 Cal.App.3d 826, 831-832, 225 Cal.Rptr. 798.) Its choice to use the word "personally" in those subdivisions necessarily exclude those who may have aided or abetted the principal in contrast with the remainder of the statute where the term "personally" is not used. The absence of the qualification "personally" in section 667.61, subdivision (a) thus reflects a legislative intent to extend the sentencing scheme to all aiders and abettors regardless of the degree of their involvement.
Other cases illustrate that defendant's argument that a person must actively participate in a sexual offense or intend the sexual offense be committed before being subject to an enhanced penalty is incorrect. In People v. Nguyen (1993) 21 Cal. App.4th 518, 26 Cal.Rptr.2d 323, a case decided under Penal Code section 289, the defendants were convicted of genital penetration with a foreign object based on a theory of aiding and abetting a robbery. The defendants argued they could not be guilty of the sexual offense because they did not participate in the sexual assault and a sexual assault is not a natural and probable consequence of robbery. In rejecting this argument, the court held that section 31 imposes liability upon all persons "concerned" with the commission of a crime, without assessment of the degree of involvement, as long as the crime was the natural and foreseeable consequence of the intended crime. (Id. at pp. 529-530, 26 Cal.Rptr.2d 323.) The Nguyen court concluded that, even if the defendants were not the actual perpetrators of the sexual offense, it was sufficiently foreseeable that a sexual assault was possible, "yet defendants continued to lend their aid and assistance to the endeavor. Under these circumstances it will not do for defendants to assert that they were concerned only with robbery and bear no responsibility for the sexual assault. [Citations.]" (Id at p. 534, 26 Cal.Rptr.2d 323, fn. omitted.)
People v. Farr (1997) 54 Cal.App.4th 835, 62 Cal.Rptr.2d 892, rejected the requirement of personal participation in a sexual assault when it applied the section 667.6 sentencing scheme. There the defendants committed a home invasion robbery. During the robbery they engaged in several sexual assaults and forced the victims to engage in sexual acts with each other. They were sentenced to three consecutive life sentences under section 667.6, subdivision (d). On appeal, they argued they were not subject to mandatory consecutive sentencing under section 667.6 because they did not personally commit all of the sexual assaults. The Farr court rejected their argument and concluded that the section 667.6, subdivision (d) sentencing scheme applied whether or not the accused personally committed the offense. (People v. Farr, supra, 54 Cal.App.4th at p. 845, 62 Cal.Rptr.2d 892.) "[T]he Legislature has established an elaborate sentencing scheme that prescribes terms of imprisonment for enumerated offenses.... None of the foregoing sentencing schemes have been construed to require the accused personally commit the offense in order to be subject to the specified sentences." (Ibid.) The Farr court reasoned that an inconsistency would arise if it concluded a defendant had to personally engage in the sexual assault since one of the enumerated offenses specified in section 667.6, subdivision (c) is rape in concert (§ 264.1), which includes persons who aid and abet and does not require the defendant to actively participate. (Ibid.; §§ 667.61, subd. (c)(3), 264.1.)
Like section 667.6, section 667.61 is a sentencing scheme. It applies when a defendant is convicted of an enumerated sexual offense. The language of section 667.61 is unambiguous; it does not distinguish between a perpetrator and an aider and abettor. If we found the statute only applied to a defendant who actively participated *246 in a sexual assault or intended the sexual assault, we would create a conflict in the statute because one of the enumerated offenses specified in section 667.61, subdivision (c)(3) is rape in concert, which expressly includes aiders and abettors and does not require active participation on their part. (§§ 667.61 subd. (c)(3), 264.1; cf. People v. Farr, supra, 54 Cal.App.4th at p. 845, 62 Cal.Rptr.2d 892.) Therefore, aiders and abettors, even those who did not actively participate in a sexual assault, may be sentenced under section 667.61. The trial court's imposition of the sentence was correct.

"Single occasion" in section 667.61 is not a synonym for "separate occasion" in section 667.6.
Section 667.61, subdivision (g) limits the number of life sentences that may be imposed upon a defendant. (People v. Murphy (1998) 65 Cal.App.4th 35, 40, 76 Cal. Rptr.2d 130.) The subdivision provides in part: "The term specified in subdivision (a) ... shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion.... Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6____" (Emphasis added.) The phrase "single occasion," however, is not defined by section 667.61.
The trial court compared the term "single occasion" found in section 667.61 to the term "separate occasion" found in section 667.6. Under section 667.6, subdivision (d) a "separate occasion" for each assault is established whenever "the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior." (§ 667.6, subd. (d).) The trial court determined that each offense had occurred on a "separate occasion" as defined by section 667.6, and therefore there were three "single occasions" under section 667.61. Based on this analysis, the court imposed three 25-year-to-life sentences. The trial court also concluded section 667.61 permitted the imposition of only a single life sentence and therefore ordered the three sentences run concurrently.
Defendant argues section 667.61, subdivision (a) permits the imposition of only one 25-year-to-life term for sex offenses committed against one victim on a "single occasion." He contends the court erred by construing "single occasion" found in section 667.61 as synonymous with "separate occasion" found in section 667.6, subdivision (d).
Using familiar principles of statutory construction, we conclude defendant's argument has merit. In ordinary parlance, an "occasion" may be defined as a particular, momentary point in time, or an event or episode of any duration. (Webster's New Internat. Diet. (3d ed.1961) p. 1560; People v. Craft (1986) 41 Cal.3d 554, 560, 224 Cal.Rptr. 626, 715 P.2d 585 ["occasion" may mean "a particular time at which something takes place," a "special event" and an "episode"].) It may also be defined as a period of time in which an opportunity of some kind exists. (Ibid, ["occasion" may mean "opportunity"].)
A comparison of the language of sections 667.6 and 667.61 leads us to the conclusion that "single occasion" in section 667.61 is not equivalent to the term "separate occasion" as it appears in section 667.6. The Legislature directly referenced section 667.6 when it enacted section 667.61, yet it did not indicate that determining whether there was a "single occasion" under section 667.61 would be dependent on whether there were no "separate occasions" under 667.6.
The proposition that the phrases have different meanings is also supported by the language found in section 667.61, subdivision (g). The part of subdivision (g) which states, "The term specified in subdivision (a) ... shall be imposed on the defendant once .... Terms for other offenses committed ... shall be imposed as *247 authorized under any other law, including Section 667.6, if applicable" (emphasis added), expressly distinguishes between a One Strike term and possible additional terms, including terms under section 667.6. This reference would be meaningless if "single occasion" were interpreted to occur only when there could be no "separate occasions."
Were we to interpret section 667.61 subdivision (g) so as to permit the imposition of more than one life term, both the provision for the imposition of additional terms and the word "once" would become meaningless. Statutes must be interpreted so as to effectuate all the words in the statute. (Loyola Marymount University v. Los Angeles Unified School Dist. (1996) 45 Cal.App.4th 1256, 1261, 53 Cal.Rptr.2d 424.) A construction that makes some words surplusage must be avoided. (Ibid.) "Single occasion" should therefore be given its ordinary, commonly understood meaning. A defendant may only be subjected to one 25-year-to-life term per victim when the sexual offenses are perpetrated on a single victim during a particular, discrete episode.
As this analysis demonstrates, the trial court erred by imposing three 25-year-to-life sentences under section 667.61. Defendant should have been sentenced to only one life term under section 667.61, and the two additional sex offenses should have been sentenced under other applicable statutes. Therefore, the sentence for one of the sex crimes was appropriate and is affirmed. However, terms for the two additional sex offenses must be imposed pursuant to the other applicable sentencing statutes, as if there were no One Strike law. A trial court would normally decide whether the additional terms would be sentenced pursuant to section 667.6 or 1170.1. Thereafter, the court would determine whether the sentences should be consecutive to life terms under the provisions of section 667.6, subdivision (c) or (d).
Here, however, the trial court already determined the assaults occurred on "separate occasions" as that term is used in section 667.6, subdivision (d). The court explicitly found "the defendant not only had the reasonable opportunity to reflect on his own personal actions, but also to reflect upon the various sexual acts committed by his partners in crime."
Substantial evidence supports the trial court's conclusion that the sexual assaults occurred on "separate occasions" and therefore must be sustained on appeal. (People v. Osband (1996) 13 Cal.4th 622, 730-731, 55 Cal.Rptr.2d 26, 919 P.2d 640.) Santa Maria first orally copulated Roe's rectal area, she objected, and Valdivia hit her on the head. Santa Maria then ceased the sexually assaultive behavior. The two men then turned Roe over on her back and Santa Maria orally copulated her vagina. Roe protested again and was hit again. Then Valdivia raped Roe. Roe's protests gave defendant's accomplices a reasonable opportunity to reflect on their actions.
Although the court found the assaults occurred on "separate occasions," it concluded that defendant's passive participation in the sexual assaults precluded him from receiving consecutive sentences and therefore imposed concurrent sentences. This distinction is ill-conceived. As we pointed out earlier, by aiding and abetting in the commission of the sexual assaults defendant stands on equal footing with the actual perpetrators of the assaults. (People v. Nguyen, supra, 21 Cal. App.4th at p. 530, 26 Cal.Rptr.2d 323 [defendants who did not perpetrate sexual offenses were nevertheless liable as principle perpetrators for reasonably foreseeable sexual assaults committed during a robbery]; see also § 31.) Because the trial court found the assaults occurred on "separate occasions" and the conclusion is supported by substantial evidence, the court must impose consecutive sentences. (§ 667.6, subd. (d).) The case is remanded so that the trial court may determine the proper term for each of the two remaining sex crimes; these terms must be imposed consecutively.

*248 Imposition of additional terms does not violate double jeopardy

Defendant also contends that he may not now be sentenced to additional terms because this would constitute double jeopardy. The prohibition against double jeopardy generally precludes the court from imposing a greater sentence on remand following an appeal. (People v. Price (1986) 184 Cal.App.3d 1405, 1408, 229 Cal.Rptr. 550.) However, there is an exception to the rule "when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and it is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (People v. Serrato (1973) 9 Cal.3d 753, 764, 109 Cal.Rptr. 65, 512 P.2d 289, fn. omitted, disapproved on another point in People v. Fosselman (1983) 33 Cal.3d 572, 583, fn. 1, 189 Cal.Rptr. 855, 659 P.2d 1144.)
A sentence is unauthorized where the court violates mandatory provisions governing the length of confinement. (People v. Scott (1994) 9 Cal.4th 331, 354, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) The sentence in this case was unauthorized. Section 667.61, subdivision (g) requires that additional terms "shall be imposed." (See, e.g., People v. Lockwood (1998) 66 Cal.App.4th 222, 227, 77 Cal.Rptr.2d 769.) Therefore, as the Serrato court explained, "a defendant who successfully attacks a judgment which is in excess of the court's jurisdiction is not necessarily entitled to claim the protection of that invalid judgment as an absolute limitation upon what the court may do thereafter." (People v. Serrato, supra, 9 Cal.3d at p. 765, 109 Cal.Rptr. 65, 512 P.2d 289.)

Enhancements for personal gun use must run consecutively
Defendant argues the trial court erred by imposing three consecutive 10-year firearm enhancements since the underlying sentences were to be served concurrently. The Attorney General argues the enhancements cannot be merged or imposed concurrently pursuant to section 1170.1, subdivision (h).
Defendant has a legitimate argument that enhancement terms for personal-gun use enhancements may not be imposed consecutively if the court imposes concurrent terms on the underlying offenses. (People v. Mustafaa (1994) 22 Cal.App.4th 1305, 1310, 28 Cal.Rptr.2d 172; see also People v. Waite (1983) 146 Cal.App.3d 585, 593, 194 Cal.Rptr. 245, disapproved on other grounds in People v. Jones (1988) 46 Cal.3d 585, 600, fn. 8, 250 Cal.Rptr. 635, 758 P.2d 1165.) However, as we noted, the trial court erred by imposing the terms for the underlying offenses concurrently. Weapon use enhancements imposed pursuant to section 1170.1, subdivision (h) must therefore be imposed consecutively. (§ 1170.1, subd. (h).)

DISPOSITION
The judgment is affirmed in part, reversed in part, and remanded for re-sentencing in accordance with the views expressed in the opinion.
CROSBY, P.J., and BEDSWORTH, J., concur.