[No. B122751. Second Dist., Div. One. Sept. 30, 1999.]

AURORA MUNOZ, Plaintiff and Appellant, v.
CITY OF PALMDALE, Defendant and Respondent.

COUNSEL

Robert S. Scuderi for Plaintiff and Appellant.

Yarmoski Law Group and John Yarmoski for Defendant and Respondent.

OPINION

ORTEGA, J.—In this opinion, we consider whether an unpaid volunteer who helped serve coffee at a municipal senior center function is exempt, as a matter of law, from being considered a municipal employee for respondeat superior liability purposes. Plaintiff was injured at the senior center when a coffee pot fell from a serving shelf and spilled hot coffee on her leg. The trial court entered summary judgment for the defendant City of Palmdale (City) after concluding, as a matter of law, that the unpaid volunteer who had placed the pot on the shelf was neither an employee nor servant for respondeat superior liability purposes.

Under the volunteer exclusion of Labor Code section 3352, subdivision (i), unpaid volunteers of public agencies are excluded from the definition of "employee" for workers' compensation purposes.[1] Applying the volunteer exclusion and the public policy represented thereby to this case, we conclude, as a matter of law, that the unpaid volunteer who placed the pot on the

---

[1]Unless otherwise indicated, all further statutory references are to the Labor Code. Section 3352, subdivision (i) provides: " 'Employee' excludes the following: [¶] . . . [¶] (i) Any

shelf was neither an employee nor servant of the City for respondeat superior liability purposes. Accordingly, we affirm the summary judgment for the City.

## BACKGROUND

The facts presented below on summary judgment were undisputed. On December 20, 1996, plaintiff Aurora Munoz attended a social function at the City's Senior Center. Plaintiff was injured when a coffee pot fell from a serving shelf and splashed hot coffee onto her leg. Ron Helmer, an unpaid volunteer at the center, had placed the pot on the shelf. There were no prior similar incidents.

Helmer has voluntarily provided free services to the center since 1983. His voluntary services included setting up tables and chairs, making coffee, and occasionally mopping the floors. Helmer has never asked for or received either payment or benefits of any kind in return for his services. Helmer has freely performed these services without compulsion or coercion stemming from any court order, community service decree, or other obligatory requirement. Helmer has never received any training from the City concerning the performance of his voluntary services.

## DISCUSSION

■ As a public entity, the City's liability must be based on statutory not common law. Government Code section 815 provides in part: "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The liability statute upon which plaintiff relies, Government Code section 815.2, states in relevant part: "(a) A public entity is liable for injury proximately caused by an act or omission of an *employee* of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." (Italics added.) The trial court entered summary judgment for the City after concluding, as a matter of law, that Helmer was neither an employee nor servant for respondeat superior purposes.

The term "employee" as used in Government Code section 815.2 is defined in Government Code section 810.2: " 'Employee' includes an officer, judicial officer as defined in Section 327 of the Elections Code,

person performing voluntary service for a public agency or a private, nonprofit organization who receives no remuneration for the services other than meals, transportation, lodging, or reimbursement for incidental expenses."

employee, or servant, whether or not compensated, but does not include an independent contractor." Relying on this definition, plaintiff contends Helmer, even though not compensated, was acting as an employee or servant of the City when he placed the coffee pot on the shelf. Plaintiff's rationale is that Helmer was acting as an employee because the City had the right to direct and control his preparation and service of refreshments at the senior center.

In support of this rationale, plaintiff cites *Chavez* v. *Sprague* (1962) 209 Cal.App.2d 101 [25 Cal.Rptr. 603]. *Chavez* involved a medical malpractice action against a surgeon working without compensation at a county charity hospital. The action was dismissed for failure to comply with the applicable government tort claims statute. On appeal, the *Chavez* court upheld the dismissal, finding the volunteer surgeon to be a county employee within the meaning of the claims statute. The *Chavez* court stated in relevant part: "The fact that a person is not paid monetary compensation for his services does not prevent him from occupying the status of an employee. [Citations.] In *Yucaipa Farmers etc. Assn.* v. *Industrial Acc. Com.* [(1942)] 55 Cal.App.2d 234. . . , it was held that where a person performing work for another is subject to the order, control and direction of such other and is liable to be discharged for disobedience, he is not an 'independent contractor' but an 'employee.' [Citations.]" (*Chavez* v. *Sprague, supra,* 209 Cal.App.2d at p. 111.)

*Chavez,* however, was decided in 1962, before the 1977 enactment of the volunteer exclusion found in section 3352, subdivision (i). Although *Chavez* viewed the existence of the right of control to be the primary factor in differentiating between employees and independent contractors, the Legislature intentionally omitted right of control as a component of the volunteer exclusion in section 3352, subdivision (i). Instead, the Legislature drew a bright line between unpaid volunteers at. public agencies and private, non-profit organizations on the one hand, and unpaid volunteers at private, profit-making organizations on the other.[2]

*Townsend* v. *State of California* (1987) 191 Cal.App.3d 1530 [237 Cal.Rptr. 146], a decision that discussed the effect of the student athlete

[2]There are exceptions to the volunteer exclusion, but none applies to this case. For example, public agencies seeking to avoid the volunteer exclusion may pass a resolution to that effect, thereby creating an employment relationship with their unpaid volunteers (§ 3363.5). In addition, the volunteer exclusion does not apply to reserve or auxiliary sheriff or police officers while performing peace officer duties (§ 3362.5), certain persons assisting law enforcement officers (§ 3366), and certain persons voluntarily rendering technical assistance to fire and law enforcement officers (§ 3367). Moreover, one who volunteers services in exchange for community service credit against a court-imposed fine is receiving compensation and, thus, not subject to the volunteer exclusion. (*Arriaga* v. *County of Alameda* (1995) 9 Cal.4th 1055 [40 Cal.Rptr.2d 116, 892 P.2d 150].)

exclusion created by section 3352, subdivision (k), is far more helpful to our analysis than *Chavez*. *Townsend* dealt with the state's alleged vicarious liability for the actions of a state university basketball player who had injured an opposing player during a varsity game. Noting that "one of the most significant modern adjuncts of the employer-employee relationship is the workers compensation scheme," and that "the Legislature's definition of 'employee' in that area is of great significance" (*Townsend* v. *State of California, supra*, 191 Cal.App.3d at p. 1535), *Townsend* relied heavily, if not exclusively, upon the student athlete exclusion of section 3352, subdivision (k). Subdivision (k) excludes from the definition of "employee" for workers' compensation purposes all uncompensated student athletes who participate in amateur sporting events sponsored by any public agency, public or private nonprofit college, university or school.[3]

The student athlete exception, the *Townsend* court noted, constituted a departure from prior case law. The student athlete exception was created in response to the decision in *Van Horn* v. *Industrial Acc. Com.* (1963) 219 Cal.App.2d 457 [33 Cal.Rptr. 169], where the appellate court had found a contract of employment to exist between a school and its football player who was killed while traveling with the school team. The legislative rejection of the *Van Horn* decision was, the *Townsend* court concluded, a public policy determination that "exposing those institutions to vicarious liability for torts committed in athletic competition would create a severe financial drain on the State's precious educational resources. We have no doubt that this was one of the considerations which led to the amendment of . . . section 3352 and that that amendment evidenced an intent on the part of the Legislature to prevent the student-athlete from being considered an employee of an educational institution for any purpose which could result in financial liability on the part of the university." (*Townsend* v. *State of California, supra*, 191 Cal.App.3d at p. 1537.)

The *Townsend* decision also rejected one of the arguments raised by plaintiff in this case: that Helmer's lack of compensation is not dispositive of his nonemployee status because under Government Code section 810.2, employees who receive no compensation are still regarded as employees. *Townsend* pointed out that the dispositive factor is not whether compensation is received, but whether an employment relationship exists. "The provision in Government Code section 810.2 that employment may be gratuitous

---

[3]Section 3352, subdivision (k) provides: " 'Employee' excludes the following: [¶] . . . [¶] (k) Any student participating as an athlete in amateur sporting events sponsored by any public agency, public or private nonprofit college, university or school, who receives no remuneration for the participation other than the use of athletic equipment, uniforms, transportation, travel, meals, lodgings, scholarships, grants-in-aid, or other expenses incidental thereto."

simply recognizes the fact that some government officers serve without compensation. It does not expand the concept of 'employment.' " (*Townsend v. State of California, supra,* 191 Cal.App.3d at pp. 1533-1534.)

Whereas Government Code section 810.2's provision that employment may be gratuitous did not expand the concept of employment, we have no doubt that section 3352, subdivision (i)'s volunteer exclusion greatly restricted the concept of employment with regard to unpaid volunteers at public agencies and private, nonprofit organizations. "[T]he Legislature is deemed to know of existing laws when it enacts new statutes. [Citation.]" (*Hill v. Newkirk* (1994) 26 Cal.App.4th 1047, 1055, fn. 7 [31 Cal.Rptr.2d 859].) As such, had the Legislature wished to utilize the right of control as a factor in the volunteer exclusion, it would have done so. Given the omission of such language from the statute, we are confident the Legislature intended for the exclusion to apply to uncompensated volunteers like Helmer without regard to the right of control.[4] From a public policy standpoint, the volunteer exclusion serves the common good by protecting against the serious drain on limited funds that would result if vicarious liability were permitted to be imposed for the alleged torts of unpaid volunteers.

We thus conclude, as a matter of law, that Helmer was not acting as a municipal employee or servant when, acting entirely as an uncompensated volunteer, he placed the coffee pot on the shelf. Accordingly, the City is immune from potential vicarious liability for his actions.

### DISPOSITION

We affirm the summary judgment and award the City its costs.

Spencer, P. J., Vogel (Miriam A.), J., concurred.

Appellant's petition for review by the Supreme Court was denied December 15, 1999. Kennard, J., was of the opinion that the petition should be granted.

---

[4]Accordingly, we need not address plaintiff's contention that right of control was never addressed in the City's summary judgment motion. In addition, we reject plaintiff's assertion (raised at oral argument) that the notice of motion was inadequate. The record shows that the notice of motion stated, in relevant part, that "The City of Palmdale is not vicariously liable under Government Code [section] 815.2 for the actions of defendant Ron Helmer who was a volunteer, not an employee of the City of Palmdale . . . ." In addition, the effect of section 3352's volunteer exclusion on the City's vicarious liability for Helmer's alleged negligence was fully briefed.