**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNE WAISGERBER, | No. 09-56131 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03246-R-RC |
| v. | |
| CITY OF LOS ANGELES; SEAN KANE, an individual, and in his official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 6, 2010
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and BREWSTER, Senior
District Judge.[**]

Anne Waisgerber appeals from the district court's judgment dismissing with

prejudice her action alleging violations of 42 U.S.C. § 1983 and California state

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rudi M. Brewster, Senior United States District Judge
for the Southern District of California, sitting by designation.

law against the City of Los Angeles and Captain Sean Kane of the Los Angeles Police Department (LAPD). Waisgerber claims she was terminated from her position as a volunteer LAPD Reserve Officer because she is a woman and because she exercised her First Amendment rights in challenging a charge of neglect of duty. Waisgerber's attorney failed to oppose the motion to dismiss or to appear at the hearing because she was dying of brain cancer. Neither the district court nor the parties knew about the attorney's fatal illness. The district court properly dismissed Waisgerber's First Amended Complaint. We determine, however, that it is possible the complaint can be saved by amendment. We therefore affirm in part, reverse in part, and remand with instructions to allow Waisgerber to file a Second Amended Complaint.

To state a valid claim under § 1983 for sex discrimination, Waisgerber must be protected by Title VII of the Civil Rights Act of 1964. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Title VII prohibits employers from discriminating against employees on the basis of sex. 42 U.S.C. §§ 2000e-2. "[T]here must be some connection with an employment relationship for Title VII protections to apply," although that connection "need not necessarily be direct." Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980). Because Title VII defines "employee" in a "circular manner," Murray v. Principal Financial

2

Group, 613 F.3d 943, 945 (9th Cir. 2010), we apply the general common law of agency to determine whether a person is an employee. Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 739-40 (1989).

We have previously considered whether an unpaid volunteer can meet the definition of "employee" as used in the Americans with Disabilities Act and the Age Discrimination in Employment Act. In Fichman v. Media Center, 512 F.3d 1157, 1158 (9th Cir. 2008), we held that the directors of the board of a non-profit organization were not employees. One of the factors we considered in our analysis was the directors' lack of compensation:

> Media Center does not hire or fire its directors: the Board selects its own members. The directors each have full-time jobs independent of Media Center, and are not compensated by Media Center. Neither the travel reimbursement nor the food supplied at Board meetings rises to the level of compensation. The personal satisfaction and professional status several directors reported gaining from their positions with Media Center are typical benefits of volunteer work.

Id. at 1160.

The lack of remuneration was not dispositive, however. We also considered evidence that the directors

> do not share in the day-to-day responsibilities of Media Center staff, but rather spend approximately two to four hours a month on Media Center work. The Board is

3

governed by bylaws that the Board itself adopts. The Board generally operates as a democracy. That the Board has created a system of self-governance does not place any individual director in the position of subservience contemplated by the conventional master-servant relationship.

Id. at 1160-61. As evidenced by our discussion in Fichman, the fact that a person is not paid a salary does not necessarily foreclose the possibility that the person is an "employee" for purposes of federal statutes, including Title VII. See id. at 1161 ("Most courts consider the definition of 'employee' to be uniform under federal statutes where it is not specifically defined . . . .").

Other circuits have taken a similar approach. See, e.g., United States v. City of New York, 359 F.3d 83, 92 (2d Cir. 2004) ("[R]emuneration need not be a salary, but must consist of substantial benefits not merely incidental to the activity performed") (internal citation and quotation marks omitted); Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist., 180 F.3d 468, 471-73 (2d Cir. 1999) (holding that an unpaid firefighter was an employee under Title VII because she received a retirement pension, life insurance, death benefits, disability insurance, and limited medical benefits); Haavistola v. Cmty. Fire Co. of Rising Sun, Inc., 6 F.3d 211, 221-22 (4th Cir. 1993) (finding Title VII coverage of a volunteer firefighter to be a disputed issue of fact where volunteer received death and

disability benefits, scholarships for dependent children upon death in the line of duty, life insurance, and certain tax-exemptions); cf. Jacob-Mua v. Veneman, 289 F.3d 517, 521 (8th Cir. 2002) (holding that an unpaid volunteer researcher was not an employee under Title VII because she did not receive annual or sick leave, retirement benefits, or insurance benefits).

Like Title VII, California's Fair Employment and Housing Act (FEHA) protects employees from sex discrimination. Cal. Gov't Code § 12940(a). The California Court of Appeal has held that a person can be an employee under FEHA as long as the person receives some form of compensation, although it can be "substantial benefits" rather than a paycheck. Mendoza v. Town of Ross, 27 Cal. Rptr. 3d 452, 460 (Ct. App. 2005) (citing City of New York, 359 F.3d at 92).

It is possible Waisgerber can amend her complaint to allege the "substantial benefits" necessary to make her an employee under Title VII or FEHA. For the same reason, an amendment could save her claim under California Labor Code § 1102.5, which protects employees from retaliatory termination. Although the Los Angeles Administrative Code states that reserve officers are not "employees," a city code's label cannot trump a state statute.

Waisgerber's remaining claims are not futile as a matter of law. Her due process claims may be viable if she is entitled to certain benefits stemming from

5

her position as a reserve officer, <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 906 (9th Cir. 1993), or if the LAPD's charge against her is "sufficiently serious to stigmatize or otherwise burden [her] so that [she] is not able to take advantage of other employment opportunities," <u>id.</u> at 907 (internal quotation marks omitted). Waisgerber can state a retaliation claim under the First Amendment if she was terminated for speaking on a matter of public concern, rather than an internal personnel matter. <u>See</u> <u>Gibson v. Office of the Attorney General</u>, 561 F.3d 920, 925 (9th Cir. 2009). Finally, if given the opportunity, Waisgerber might be able to allege facts sufficient to support her emotional distress claim.

Given the record in this case, as well as the extraordinary and tragic circumstances presented, we conclude upon *de novo* review that the First Amended Complaint might be saved by amendment. <u>See</u> <u>Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.</u>, 368 F.3d 1053, 1061 (9th Cir. 2004) (discussing the standard of review of a dismissal without leave to amend). We therefore remand to the district court for further proceedings consistent with this decision.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

Each party shall bear its own costs.