Filed 7/7/22 Ewart v. County of Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALLISON EWART,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF LOS ANGELES,<br><br>Defendant and Respondent. | B312295<br><br>(Los Angeles County Super. Ct. No. 20STCV37314)<br><br>ORDER MODIFYING OPINION<br>(NO CHANGE IN THE APPELLATE JUDGMENT) |

THE COURT:

It is ordered that the opinion filed herein on June 27, 2022 be modified as follows:

On page 2, line seven of the first full paragraph, the word "Ewart" in the phrase "holding, because Ewart was an unpaid volunteer" is deleted and replaced with the word "Galloway."

There is no change in the appellate judgment.

_____

PERLUSS, P. J             FEUER, J.             WISE, J.[*]

_____

[*]    Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/27/22  Ewart v. County of Los Angeles CA2/7 (unmodified opinion)
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALLISON EWART, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES, Defendant and Respondent. | B312295 (Los Angeles County Super. Ct. No. 20STCV37314) |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Cole & Loeterman and Dana M. Cole for Plaintiff and Appellant.

Collins + Collins, Tomas A. Guterres and James C. Jardin for Defendant and Respondent.

————————————

Allison Ewart was hit by a car and seriously injured when Widge Galloway, serving as a volunteer traffic control officer for Los Angeles County during a triathlon, directed an automobile to turn into Ewart's path. Although Ewart prevailed at trial in her negligence action against both Galloway and the County, the court of appeal reversed the judgment against the County, holding, because Ewart was an unpaid volunteer, the County could not be found vicariously liable for her negligence. (*Ewart v. County of Los Angeles* (July 9, 2019, B286379) [nonpub. opn.].)

Faced with a $1.2 million judgment, Galloway assigned to Ewart any rights she might have against the County. Ewart, as Galloway's assignee, then filed this lawsuit against the County alleging Galloway, who had been provided counsel by the County during the negligence action, was entitled to be indemnified for the judgment. The County demurred, contending as to a claim for equitable indemnity, there was no duty to indemnify absent liability and the County had been determined to be not liable to Ewart, and as to a claim for express indemnity, Galloway was a volunteer with no statutory indemnity rights. The County also argued Galloway's failure to file a timely claim for indemnity under the Government Claims Act (Gov. Code, § 810 et seq.) was independently fatal to Ewart's complaint. The trial court agreed with all the County's arguments, sustained the demurrer without leave to amend and dismissed the action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following Galloway's assignment of rights to Ewart, Ewart, as Galloway's assignee, sued the County, alleging a single claim of "implied indemnity." Ewart alleged Galloway, acting as a volunteer traffic officer on the day of the accident, was an agent of the County and entitled to indemnification. Ewart did not

identify a contract under which a right to indemnity was expressed or implied or a statute authorizing indemnity.

The County demurred. Construing the claim as one for equitable indemnity, the County argued there could be no equitable indemnity without joint liability and it had been found not liable for Ewart's injuries as a matter of law.[1] The County alternatively argued Galloway had failed to file a timely claim for indemnity as required under the Government Claims Act as a precondition to maintaining an action for indemnity against the County. (See Gov. Code, § 901 [defining date of accrual of a cause of action for equitable indemnity for purpose of claim presentation to the responsible public entity].)

In opposition Ewart argued Labor Code section 2802, which requires an employer to indemnify employees for liability incurred while acting in the course and scope of their employment, applied to this case. Because Labor Code section 2802 did not define "employee," Ewart contended, whether an individual was an employee should be governed by the common law test articulated in *Estrada v. FedEx Ground Package System, Inc.* (2007) 154 Cal.App.4th 1 (*Estrada*), adopting the "right of control" test of *S.G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341 (*Borello*), or by the more recent "ABC test" established in *Dynamex Operations West, Inc. v. Superior Court* (2018) 4 Cal.5th 903 (*Dynamex*). Either way, Ewart asserted, she had pleaded, or could plead if given leave to amend, sufficient facts describing the

---

[1] Ewart acknowledged in the complaint the appellate decision in the negligence action holding the County not liable for Galloway's negligence.

3

County's control of the manner and means in which Galloway performed her duties as a volunteer traffic officer for Galloway to be considered an employee.

Ewart alternatively argued that Galloway was properly considered an employee based on Labor Code section 3366, which authorizes workers' compensation benefits for volunteers assisting peace officers in their duties at the request of the peace officer. Ewart also asserted Galloway's indemnification claim was not subject to the claim filing requirement of the Government Claims Act; and, even if it were, because the County-provided counsel for Galloway in the negligence action failed to file such a claim on her behalf, the County was equitably estopped from using that omission to bar the indemnity suit.

The court sustained the County's demurrer without leave to amend. The court ruled the County had been found not liable in the negligence action and thus had no equitable indemnity obligation; Galloway was not an employee as a matter of law, so no statutory obligation to indemnify existed; and Galloway's failure to file a government claim under the Government Claims Act was independently fatal to the indemnity action.

The court entered a signed order of dismissal. Ewart filed a timely notice of appeal.

## DISCUSSION

1. *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; *T.H. v. Novartis Pharmaceuticals Corp.* (2017)

4

4 Cal.5th 145, 162.)  We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  However, we are not required to accept the truth of the legal conclusions pleaded in the complaint.  (*Mathews*, at p. 768; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 848), but liberally construe the pleading with a view to substantial justice between the parties.  (Code Civ. Proc., § 452; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726; see *Schifando*, at p. 1081.)  "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint."'"  (*Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at p. 971.)  A plaintiff may demonstrate for the first time to the reviewing court how a complaint can be amended to cure the defect.  (Code Civ. Proc., § 472c, subd. (a) ["[w]hen any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made"]; see *Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018)

19 Cal.App.5th 1127, 1132 [plaintiff may carry burden of proving an amendment would cure a legal defect for the first time on appeal]; *Rubenstein v. The Gap, Inc.* (2017) 14 Cal.App.5th 870, 881 ["'[w]hile such a showing can be made for the first time to the reviewing court [citation], it must be made'"]; *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.)

2. *Indemnity*

Indemnity "refers to 'the obligation resting on one party to make good a loss or damage another party has incurred.'" (*Prince v. Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1157 (*Prince*).) There are three distinct types of indemnity: contractual (express and implied), equitable and statutory.

Contractual indemnity refers to an obligation that arises by contract, either through the express words of the contract (express contractual indemnity) or implied from a contract even though the contract itself does not mention indemnity (implied contractual indemnity). (*Prince, supra,* 45 Cal.4th at p. 1158.)

Equitable indemnity refers to an obligation that arises from the equities of a particular circumstance. Such indemnity "'is premised on a joint legal obligation to another for damages,'" "subject to allocation of fault principles and comparative equitable apportionment of loss." (*Prince*, *supra*, 45 Cal.4th at p. 1158; see *C.W. Howe Partners Inc. v. Mooradian* (2019) 43 Cal.App.5th 688, 700 ["'"[t]he elements of a cause of action for [equitable] indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is . . . equitably responsible"'"].) "A key restrictive feature of traditional equitable indemnity is that, on matters of substantive law, the doctrine is 'wholly derivative and

subject to whatever immunities or other limitations on liability would otherwise be available' against the injured party." (*Prince,* at pp. 1158-1159.) While traditionally known as equitable indemnity, more recently, it has also been referred to as noncontractual implied indemnity. (*Id.* at p. 1157.)

Statutory indemnity is an indemnity obligation imposed by legislation. (*Orange County Water Dist. v. Alcoa Global Fasteners, Inc.* (2017) 12 Cal.App.5th 252, 301 [citing Labor Code section 2802's requirement for employers to indemnify employees for necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties as an example of a statutory, that is, a legislatively-mandated, indemnity].)

    3. *The Trial Court Did Not Err in Sustaining the County's Demurrer Without Leave To Amend*

Ewart's complaint alleged a single cause of action for implied indemnity. The complaint did not refer to a contract between Galloway and the County under which an indemnity obligation was either express or implied, nor did Ewart assert equitable indemnity existed based on the County's vicarious liability, which, she recognized in her complaint, was decided in the County's favor in the negligence action. Rather, Ewart argued in the trial court, and contends on appeal, that she stated, or could state if allowed to amend her complaint, a cause of action for statutory indemnity pursuant to Labor Code section 2802, subdivision (a), which provides, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

7

At the threshold, Ewart's argument based on Labor Code section 2802 ignores that claims against public entities, including noncontractual indemnity for an employee's torts, are governed exclusively by the Government Claims Act.  (*Cordova v. City of Los Angeles* (2015) 61 Cal.4th 1099, 1104-1105 ["[t]he Government Claims Act [citation] 'is a comprehensive statutory scheme that sets forth the liabilities and immunities of public entities and public employees for torts'"]; *State ex rel Dept. of California Highway Patrol v. Superior Court* (2015) 60 Cal.4th 1002, 1009 ["a public entity is *not* liable [for an injury] '[e]xcept as otherwise provided by statute,'" citing Gov. Code, § 815, subd. (a)].)[2]  Government Code section 825, not Labor Code section 2802, provides the statutory basis for an indemnity claim against a public entity.  That section requires the public entity to "pay the judgment, compromise or settlement" against an employee or former employee "only if it is established that the injury arose out of an act or omission occurring in the scope of his or her employment as an employee of the public entity."  (Gov. Code, § 825, subd. (a); see generally *Farmers Ins. Group v.*

---

[2]  The County does not argue principles of issue preclusion bind Ewart to the holding in the negligence action that the County was not vicariously liable for Galloway's negligence because Galloway was not an employee.  Ewart is not appearing in this indemnity action in her individual capacity, but as Galloway's assignee; and Galloway and the County did not litigate that issue as adversaries in the negligence action.  (See generally *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825 [issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party"].)

*County of Santa Clara* (1995) 11 Cal.4th 992, 1001 ["In 1963, the Tort Claims Act was enacted in order to provide a comprehensive codification of the law of governmental liability and immunity in California. [Citation.] As part of its overall statutory scheme, the Tort Claims Act provides that in the usual civil case brought against a public employee, a public entity is required to defend the action against its employee [citation] and to pay any claim or judgment against the employee in favor of the third party plaintiff" (fn. omitted)]; *Chang v. County of Los Angeles* (2016) 1 Cal.App.5th 25, 33 [same].)

To be sure, as Ewart observes, the term "employee" is not well-defined in the Government Claims Act.[3] Recognizing this, to determine whether an unpaid volunteer working at a senior citizen center was an employee of the public entity defendant for purposes of vicarious liability under the Government Claims Act, our colleagues in Division One of this court in *Munoz v. City of Palmdale* (1999) 75 Cal.App.4th 367 (*Munoz*) borrowed the volunteer exclusion of Labor Code section 3352, former subdivision (i) (now subdivision (a)(9)). That Labor Code provision specifically excludes from the definition of employee "[a] person performing voluntary service for a public agency or a private, nonprofit organization who does not receive remuneration for the services, other than meals, transportation, lodging, or reimbursement for incidental expenses." Relying on

---

[3] Government Code section 810.2 provides, "'Employee' includes an officer, judicial officer as defined in Section 327 of the Elections Code, employee, or servant, whether or not compensated, but does not include an independent contractor." Labor Code section 2802, upon which Ewart relies, similarly does not define the term "employee."

9

this language and the public policy it represented, the *Munoz* court held the legislative intent to exclude volunteers from the definition (and benefits) of public employment and to protect a public entity from vicarious liability for the actions of a volunteer under the Government Claims Act was clear. (See *Munoz,* at p. 372.)

In applying this definition of an employee for purposes of determining vicarious liability under Government Code section 815.2, the *Munoz* court relied on *Townsend v. State of California* (1987) 191 Cal.App.3d 1530, in which the plaintiff sought to impose vicarious liability on a state university for the negligent actions of its student athlete who injured a player on the opposing team during a basketball game. Applying Labor Code section 3352's exclusion of uncompensated student athletes from the workers' compensation statutes (Lab. Code, § 3352, former subd. (k), now subd. (a)(11)) to hold the student athlete was not the university's employee as a matter of law, the *Townsend* court explained, "[S]tatutory law is a primary source of public policy declarations, and one of the most significant modern adjuncts of the employer-employee relationship is the workers' compensation scheme. Hence the Legislature's definition of 'employee' in that area is of great significance in analyzing the issue confronting us." (*Townsend*, at p. 1535.)

Ewart urges us not to follow the reasoning of *Munoz* and *Townsend* applying the volunteer exclusion of Labor Code section 3352 to determine a public entity's liability under the Government Claims Act. Instead, she argues we should use the

"right to control" test of *Borello, supra*, 48 Cal.3d 341,[4] as did the court of appeal in *Estrada, supra,* 154 Cal.App.4th 1, or the "ABC test" of *Dynamex, supra,* 4 Cal.5th 908[5] to resolve the issue.

---

[4]     In *Borello, supra,* 48 Cal.3d 341, the Supreme Court held, in determining one's status as an employee or independent contractor, the principal test is whether the person to whom services are rendered has the right to control the manner and means of accomplishing the desired results.  The Court stated the analysis should also include evaluating (1) whether the worker is engaged in a distinct occupation or business; (2) whether the work is done under the principal's direction or by a specialist without supervision; (3) the skill required; (4) whether the principal or the worker provides the instrumentalities, tools and place of work; (5) the length of time for which the services are to be performed; (6) the method of payment, whether by time or by job; (7) whether the work is part of the principal's regular business; and (8) whether the parties believe they are creating an employer-employee relationship.  (*Id.* at pp. 350-351.)

[5]     The Supreme Court in *Dynamex* held the "ABC test" determines whether an individual is an independent contractor, rather than an employee, to whom Industrial Welfare Commission wage orders do not apply.  (*Dynamex, supra,* 4 Cal.5th at pp. 916-917.)  "Under this test, a worker is properly considered an independent contractor to whom a wage order does not apply only if the hiring entity establishes: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade occupation, or business of the same nature as the work performed for the hiring entity." (*Ibid.*)

11

Because Galloway received training from the Los Angeles County Sheriff's Department for her volunteer traffic control assignment, was dressed in a County uniform issued to her by the County and subject to the direction and control of the County at the time she committed the negligent act of directing traffic into Ewart's path, Ewart argues Galloway was an employee under either the *Borello* or the *Dynamex* ABC test.

Both of those tests, however, are used to distinguish between wage-earning workers who are "employees" and those who are "independent contractors"—the issue before Division One of this court in *Estrada, supra*, 154 Cal.App.4th 1, upon which Ewart places principal reliance. (See *id.* at p. 10 ["[b]ecause the Labor Code does not expressly define 'employee' for purposes of [Labor Code] section 2802," the common law test of employment articulated in *Borello* applies to determine whether plaintiff was an employee or independent contractor].) That issue is quite different from, and has no reasonable relationship to, the distinct question whether someone who concededly functioned as an unpaid volunteer should also be considered an employee. (See

---

Assembly Bill No. 2257 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 38, § 2) added section 2775 to the Labor Code, effective September 4, 2020, expanding in subdivision (b)(1) the use of the *Dynamex* ABC test to distinguish between employees and independent contractors for purposes of the Labor Code generally and the Unemployment Insurance Code, and not just to Industrial Welfare Commission wage orders. Labor Code section 2775, subdivision (b)(2), provides, however, "Notwithstanding paragraph (1), any exceptions to the terms 'employee,' 'employer,' 'employ,' or 'independent contractor'" in the Labor Code, Unemployment Insurance Code or applicable wage orders "shall remain in effect."

*Woods v. American Film Institute* (2021) 72 Cal.App.5th 1022, 1037, fn. 10 ["As Woods correctly observes, the decision in *Dynamex* concerned the standard that applies in determining whether workers should be classified as employees or as independent contractors for purposes of the IWC wage orders. [Citation.]  While the opinion in that case is relevant to the proper interpretation of the definitions in the wage orders, it does not bear directly on the specific issue here, i.e., whether volunteers for nonprofits should be considered employees under California law"]; *Munoz*, *supra*, 75 Cal.App.4th at p. 372 ["[H]ad the Legislature wished to utilize the right of control as a factor in the volunteer exclusion, it would have done so.  Given the omission of such language from the statute, we are confident the Legislature intended for the exclusion to apply to uncompensated volunteers like Helmer without regard to the right of control"].)

If we reject her *Dynamex*/*Borello* argument and conclude, as did the courts of appeal in *Munoz* and *Townsend*, that Labor Code section 3352's volunteer exclusion answers the question who may be considered an employee under the Government Claims Act, Ewart contends, then we should also apply Labor Code section 3366, subdivision (a), which provides, "For purposes of this division, each person engaged in assisting any peace officer in active law enforcement service at the request of such peace officer is deemed to be an employee of the public entity that he or she is serving or assisting in the enforcement of the law, and is entitled to receive compensation from the public entity in accordance with the provisions of this division."  Because Ewart pleaded Galloway was acting as a volunteer traffic officer for the Los Angeles County Sheriff's Department at the time of the accident, Ewart argues she alleged sufficient facts that, if proved

13

true, would deem Galloway as actively assisting law enforcement at the time of the accident and thus an employee within the meaning of Labor Code section 3366.

As the language of Labor Code section 3366, subdivision (a), makes clear, however, that statute is a limited exception to the volunteer exclusion of section 3352; unlike section 3352 it is applicable by its terms only to provisions of the Labor Code concerning workers' compensation. (See § 3366, subd. (a) [creating exception to section 3352 "for purposes of this division"]; see also *Gund v. County of Trinity* (2020) 10 Cal.5th 503, 514-515 ["section 3366 is best understood as an exception to an exclusion from [workers' compensation] coverage"].) Had Galloway been injured while serving as a volunteer traffic officer, she might well have been entitled to workers' compensation benefits. But deeming her an employee for workers' compensation purposes is very different from deeming her an employee under the Government Claims Act. Labor Code section 3366 authorizes the former; it does not speak to, let alone support, the latter. (See *Estrada v. City of Los Angeles* (2013) 218 Cal.App.4th 143, 155 [the consequence of a city's policy decision to afford workers' compensation benefits "is not to convert these uncompensated volunteers into municipal employees for all purposes"; "[t]he fact the City ensures that unpaid volunteers such as [plaintiff volunteer firefighter] are compensated for industrial injuries does not mean that such persons are deemed employees" for purposes of the Fair Employment and Housing Act]; see generally *Gund*, at p. 517 [purposes of Labor Code section 3366 are: "(1) creating an incentive for individuals to provide requested law enforcement service; (2) compensating, without concern for fault, someone who

14

is injured while assisting a peace officer with law enforcement duties; and (3) limiting the state's financial exposure" to the exclusive remedy of workers' compensation].)

Asserting that application of the well-established law in this area leads to an intuitively unfair result, Ewart urges this court to find that volunteers performing public safety services should be considered government employees not simply for workers' compensation benefits, but also for purposes of indemnification rights. We do not disagree a valid policy argument may be made for authorizing indemnity under circumstances similar to those in the case at bar or requiring that volunteers be notified of their potential liability exposure.[6] And we acknowledge it is not clear the Legislature considered the exposure to personal liability faced by volunteer peace officers and firefighters on the four occasions it amended Labor Code section 3352 since *Munoz,* let alone when it added section 2775 of the Labor Code in 2020 following the Supreme Court's decision in *Dynamex.*[7] Should the Legislature continue to limit the right to indemnity to public employees, it might consider a requirement that prospective volunteers be notified of their potential liability exposure. Nonetheless, any change in the law in this regard must come from the Legislature, not the courts.

---

[6] The record in this case does not reflect whether County volunteers such as Galloway are informed they have no indemnification rights against the County.

[7] See footnote 5, above.

Ewart has pleaded Galloway was an unpaid volunteer traffic control officer[8] and does not contend she can amend her complaint in good faith to allege Galloway was an employee for purposes of Government Code sections 810.2 and 825, other than by resort to the factors in *Dynamex* and *Borello*. Accordingly, the court did not abuse its discretion in sustaining the County's demurrer without leave to amend.

---

[8] Citing *Waisgerber v. City of Los Angeles* (9th Cir. 2010) 406 Fed.Appx. 150 and *Fichman v. Media Center* (9th Cir. 2008) 512 F.3d 1157, 1161, Ewart asks us to adopt the view of the Ninth Circuit that the absence of remuneration is not dispositive of the question whether a person is an employee for purposes of the federal employment discrimination statutes. However, analogies to federal title VII cases are unnecessary. Government Code section 810.2's definition of an employee includes an employee or servant "whether or not compensated." It is not the lack of remuneration alone that forecloses Galloway's (and hence Ewart's) indemnity claim, but Galloway's undisputed status as a volunteer. (See *Townsend v. State of California*, *supra*, 191 Cal.App.3d at pp. 1533-1534 ["The provision in Government Code section 810.2 that employment may be gratuitous simply recognizes the fact that some government officers serve without compensation. It does not expand the concept of 'employment'"].)

## DISPOSITION

The order of dismissal is affirmed.  The County is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


FEUER, J.


WISE, J.[*]

---

[*]     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.